ERNESTINE STERLING HANSEN, 1655; ERNESTINE STERLING HANSEN, ADMINISTRATRIX OF THE ESTATE OF VIRGINIA STERLING, Deceased, 1656; ERNESTINE STERLING HANSEN, ADMINISTRATRIX OF THE ESTATE OF CATHERINE BROCKMAN, Deceased, 1657, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1931.*

SCHNACKENBERG AND HANSEN, for claimants.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

For the purpose of consideration the above claims have been consolidated on stipulation and agreement of counsel.

All three claims arise out of the same accident which occurred June 15th, 1930, near the Robey race track at 112th St., near the City of Hamomnd, Indiana, and not far distant from the Illinois State Line. There appears to be little dispute as to the facts in these cases. An air corp airplane belonging to the 108th Observation Squadron, 33rd Division, Illinois National Guard, while on an authorized training flight and piloted by Lieut. W. V. Newhall crashed into a parked automobile while attempting to takeoff from an emergency landing field near the race track. This car was parked with others on a highway near the landing field from which the plane took off. The automobile was owned and driven by Peter Brockman who was seated in the front seat with his wife, claimant's mother. Claimant's small daughter Virginia Sterling was being held on the lap of her grandmother. Claimant Virginia Sterling Hansen was sitting alone in the rear seat of the car. The airplane in the endeavor to takeoff crashed into the car of claimant, wrecked both the car and the airplane killing Brockman the driver, the mother of the claimant and the small daughter of the claimant and claimant herself suffered severe lacerations about the right arm, shoulder and head. The occupants of the airplane escaped without serious injury.

The Attorney General comes and defends and sets up that there is no legal liability on the part of the State. The court is of the opinion that this contention is true and there is no reason to go into a discussion of that fact. The State also contends that the pilot used all due precaution. This court is of the opinion that a pilot who undertakes the handling of an airplane should be very cautious in the takeoff or in any other particular for the safety of the people. If there was not sufficient room to make a proper takeoff the pilot or the mechanic should so inform the police in charge so that they might disburse and remove their cars, or wait until the crowd had disbursed before taking off.

This is a very grave injury and in ordinary cases the court would be disposed to deny claimants a remedy but the Illinois National Guard was created for the benefit of the State and the protection of its citizens in times of turmoil. And therefore the court being mindful of the obligation of the State of Illinois in carrying out its military protection and the fact that this accident occurred while the airplane was being used

as a part of such military program this court is of the opinion that in view of equity and good conscience a suitable award should be made. The court wishes to be reasonably fair to those injured in this regretable accident, yet the rights of the People of the State of Illinois should not be overlooked.

In view of all the facts and circumstances the court recommends that Ernestine Sterling Hansen who was very grievously injured be allowed the sum of Fifty-five Hundred ($5,500.00) Dollars, being in full for injuries sustained, hospital and medical attention, and Ernestine Sterling Hansen as administratrix of the estate of Virginia Sterling, deceased, be allowed the sum of Two Thousand ($2,000.00) Dollars, and Ernestine Sterling Hansen as administratrix of the estate of Catherine Brockman, deceased, be allowed the sum of Two Thousand ($2,000.00) Dollars.